**PAUL W. DEFELICE**
**CHIEF PROBATION OFFICER**

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF NEW YORK
PROBATION OFFICE

The Atrium, 2 Clinton Square, Suite 370
P.O. Box 7035
Syracuse, New York 13261-7035
(315) 234-8700
Fax (315) 234-8701

May 23, 2007

**UNITED STATES OF AMERICA**

-v-

**DAVID L. BLAND**

**DECLARATION**
05-CR-27
**Pretrial Violation Report**
**Summons Requested**

Frederick J. Scullin, Jr., Senior U.S. District Judge
NORTHERN DISTRICT OF NEW YORK

**Rebecca L. Doyle** declares that she is a United States Probation Officer and that:

The above-named defendant appeared in court on February 4, 2005 for his initial appearance based on a target letter, charged with Unlawful Transport of Firearms by a Convicted Felon. The defendant was released to pretrial supervision with various special conditions. On January 16, 2007, Bland pled guilty to Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1) and sentencing is scheduled for July 2, 2007. **On April 6, 2007, Bland was arrested for Harassment 2nd. The court was previously notified of this arrest. On May 12, 2007, Bland tested positive for marijuana.**

The defendant previously tested positive for marijuana and cocaine on March 14, 2005, and on March 23, 2005, he tested positive for marijuana. As a result, Bland was referred to substance abuse treatment services at Syracuse Behavioral Healthcare, which he began attending on April 18, 2005. On May 3, 2005, the defendant was arrested for drug-related charges, which were later dismissed in October 2005. Based upon his new arrest and positive drug tests, a violation petition was filed on May 5, 2005. Bland appeared for a bail review hearing on May 16, 2005 before U.S. Magistrate Judge Gustave J. DiBianco, at which time he was referred to the High Impact Incarceration Program (HIIP). The defendant successfully completed the program on June 20, 2005. A second bail review hearing was held on June 21, 2005, at which time the defendant was ordered released directly into an inpatient treatment program. Bland was released from custody on June 26, 2005 and immediately entered inpatient treatment at the Willows. He completed treatment on July 14, 2005 and was released to pretrial supervision. He subsequently began attending outpatient treatment at SBH. On July 25, 2005, Bland tested positive for PCP, however, he denied any use. On August 4, 2005, the defendant was arrested for Assault, Third Degree (Misdemeanor) and Acting in a Manner Injurious to a Child (Misdemeanor). This was in regards to an altercation with his teenage daughter. As a result of Bland's positive drug test and new arrest, a violation petition was filed. Bland appeared for a bail review hearing before U.S. Magistrate Judge George H. Lowe on September 9, 2005. Following the hearing, the defendant was remanded to the custody of the U.S. Marshals Service pending admittance into inpatient treatment followed by a placement at the Syracuse Behavioral Healthcare Halfway House. Bland was released from custody into inpatient treatment on October 6, 2005 and he was placed in the halfway house on November 9, 2005. In January 2006, the defendant pled guilty to the August 2005 misdemeanor charges and received a sentence of time served. While at the halfway house, Bland participated in outpatient substance abuse treatment at SBH. Bland successfully completed the halfway house program and was discharged on April 3, 2006 and completed outpatient treatment in May 2006. From May 2006 until January 2007, Bland maintained employment and did not have any major violations of his release conditions.

On February 28, 2007, the defendant tested positive for marijuana and admitted to using marijuana a few days prior to the test. The defendant appeared before your Honor for this violation on March 20, 2007. The defendant was allowed to remain on supervision pending sentencing and was given a stern warning by the Court regarding any further violations.

According to the Syracuse Police arrest report, on April 6, 2007, the officers responded to a physical domestic call to Bland's apartment. Upon arrival the reporting officer observed Bland yelling and screaming at his girlfriend, Stacy Hand. The officer separated the parties and attempted to interview Bland. The report indicates Bland appeared intoxicated and was extremely confrontational with the officers. Bland refused to cooperate and made threatening statements to the officers. Hand reported to the officers that she and Bland were involved in a physical dispute over Hand's teenage daughter. Hand reported Bland was intoxicated, pushed her up against the wall, grabbed her in the area of her neck and struck her with his hand across her ear. Bland was subsequently arrested for Harassment 2nd. According to the police report, while Bland was being taken to the officer's patrol car, he stated several times "I'm gonna kill you bitch" in reference to Hand for calling the police.

Pretrial Services recommends a summons be issued for the defendant to appear before the Court to address the recent violations.

| Condition Number | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.**<br><br>On April 6, 2007, Bland was arrested by the Syracuse Police Department and charged with Harassment 2nd (violation). |
| 7.p | **The defendant shall refrain from use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**<br><br>On May 12, 2007, the defendant tested positive for marijuana. The positive test was confirmed by the lab. |

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Rebecca L. Doyle
United States Probation Officer
Date: May 23, 2007

Approved by:

_____
Timothy R. Keohane
Supervising U.S. Probation Officer

cc: Ransom P. Reynolds, III
  Assistant U.S. Attorney

THE COURT ORDERS

[ ] No Action
[✓] **The Issuance of a Summons**
[ ] Other

[ ]   The Issuance of a Warrant. This petition and all documents attached hereto are SEALED until such time as the warrant generated by this petition is returned executed.

   The District Court Clerk's Office is hereby **ORDERED NOT** to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel. Copies shall be served upon the unsealing of the petition.

_____
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF NEW YORK

5/24/07
_____
DATE